UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
---------------------------

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
Law Offices of David S Waltzer, PC
David S Waltzer, Esq.
One Central Ave., Suite 307
Tarrytown, NJ, 10591
Ph.: 201-234-8384
Email: waltzer@waltzerlawgroup.com

---------------------------

In re:

    George B Villaneuva
                  Debtor

---------------------------

Hearing Date: September 11th, 2018

Time: 10:00AM

Chapter 13

Case No: 15-32668 – JKS (Closed)

**Chief Judge: Kathryn C. Ferguson**

# CERTIFICATION OF ATTORNEY DAVID S WALTZER

    I, David S. Waltzer Esq submit this certification in support of George Villanueva's Motion for Payment of Unclaimed Funds. I have personal knowledge of the facts relating to the Motion. I hereby affirm and certify the below under penalty of perjury.

1. I was substituted in as attorney in the above captioned Chapter 13 bankruptcy case that was initially filed in 2015.

2. The Honorable John K. Sherwood was assigned to the bankruptcy case.

3. We are filing this motion before Chief Judge Kathryn C Ferguson in compliance with D.N.J. LBR 3011-1 wherein the Notes advise that motions to withdraw unclaimed funds must be filed before the Chief Judge.

4. The Debtor's case was dismissed on November 2, 2017. The order of dismissal directed as follows:

> . . . funds held by the Chapter 13 Standing Trustee from payments made on account of Debtor(s)' Plan, shall be disbursed to the Debtor(s), less any applicable Trustee fees and commissions, except any adequate protection payments due under the proposed plan or by Court Order, and/or any counsel fees and costs hereby allowed as an Administrative Expense.

5. After application of fees and administrative expenses there remained $91,793.04 to be disbursed to the Debtor.

6. The Trustee attempted to disburse the funds to the Debtor.

7. The Debtor advised that he was overwhelmed and was in a state of administrative chaos and misplaced the initial check.

8. When the Debtor received the second attempted disbursement he believed he was going to get his bankruptcy reopened and wanted to have the funds apply towards his creditors. He was awaiting the outcome of a separate legal action which would have determined whether Chapter 13 would again remain an option.

9. During that time the Trustee deposited the Unclaimed Funds pursuant to D.N.J. LBR 7067-1.

10. The Debtor seeks to receive the disbursement pursuant to D.N.J. LBR 3011-1(b).

I certify under penalty of perjury that the above is true.

Date:  August 9, 2018                        /s/ David S Waltzer
                                             David S. Waltzer, Esq
                                             1 Central Ave. Suite 307
                                             Tarrytown, NY 10591